IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TERRY WAYNE BARTLETT                                                                         PLAINTIFF
ADC #134693

V.                              Case No. 4:25-CV-00037-BSM-BBM

DEXTER PAYNE, Chief Director, ADC;
and LONA McCASTLAIN, Chairman,
Arkansas Parole Board, ADCC                                                              DEFENDANTS

## RECOMMENDED DISPOSITION

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Miller may adopt this Recommendation without independently reviewing all the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

I.     INTRODUCTION

On January 16, 2025, Plaintiff Terry Wayne Bartlett ("Bartlett"), a prisoner in the Arkansas Division of Correction ("ADC"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that ADC Director Dexter Payne and Chairman of the Arkansas Parole Board Lona McCastlain violated his constitutional rights. (Doc. 2). Before Bartlett may

proceed with this action, the Court must screen his claims in accordance with the Prison Litigation Reform Act ("PLRA").[1] 28 U.S.C. § 1915A(a).

## II.   ALLEGATIONS

Bartlett claims that the ADC failed to provide him a parole hearing in violation of the Fifth and Fourteenth Amendments. (Doc. 2 at 3). Specifically, according to Bartlett, his "Release Date/Transfer eligibility Date" was October 10, 2023, but the ADC scheduled him to appear before the Parole Board on January 23, 2024—106 days after his release/transfer date. *Id*. at 4–5. Bartlett also vaguely alleges that Defendants denied him "equal treatment/equal protection due process requirements under state law." *Id.* at 3–4.

Bartlett sues Defendants in their official and individual capacities. (Doc. 2 at 2). For relief, he requests damages, a court order mandating that "all ADC inmates be given a parole hearing on or before [their] projected release/transfer eligibility dates," and a resentencing in his state court case. *Id.* at 6.

## III.   SCREENING

To survive pre-service screening under the PLRA, a "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a

---

[1] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

"formulaic recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a plausible claim. *Id.* And, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted).

Liberally construing his Complaint, Bartlett brings due process, equal protection, and official-capacity claims against the Defendants. For the following reasons, however, Bartlett's allegations fail to state any plausible claim for relief.

A.   **Due Process**

First, Bartlett attempts to bring a due process claim against Defendants for failing to schedule a timely parole hearing. To state a § 1983 due process claim, a prisoner such as Bartlett must have a protected "liberty interest." *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 846-47 (8th Cir. 2003). However, a prisoner does not have a Fourteenth Amendment due process "liberty interest," in: (1) the possibility of parole, (2) a conditional release before the expiration of a valid sentence, or (3) in the determination of a specific parole eligibility date. *Persechini v. Callaway*, 651 F.3d 802, 808 (8th Cir. 2011) (citing *Sandin*, 515 U.S. at 480, among others); *Adams v. Agniel*, 405 F.3d 643, 645 (8th Cir. 2005) (holding that an inmate has no constitutionally protected

3

liberty interest in the possibility of parole); *Smith v. Norris*, 40 Fed. Appx. 305, 305 (8th Cir. 2002) (holding that an inmate has "no federal right to have specific release and parole eligibility dates calculated"). The Eighth Circuit has held, however, that *if* a state law "uses mandatory language and imposes substantive limits on the discretion of state officials," it can support the creation of a Fourteenth Amendment liberty interest. *Snodgrass v. Robinson*, 512 F.3d 999, 1003 (8th Cir. 2008) (quoting *Bagley v. Rogerson*, 5 F.3d 325, 328-29 (8th Cir. 1993)); *see also Nolan v. Thompson*, 521 F.3d 983, 989 (8th Cir. 2008). As relevant here, Arkansas parole statutes do *not* establish any right to parole capable of supporting a due process claim. *Hamilton v. Brownlee*, 237 Fed. Appx. 114, 115 (8th Cir. 2007) (per curiam) (holding that Arkansas parole statutes do not create protectible liberty interest in discretionary parole decisions).

Resultantly, Bartlett does not have any liberty interest associated with his parole or a parole hearing, and he fails to state a due process claim based on his allegedly untimely parole hearing. It is recommended, therefore, that Bartlett's due process claims be dismissed without prejudice for failure to state a claim for relief.

    B.    **Equal Protection**

Bartlett also vaguely alleges that Defendants denied him "equal treatment/equal protection due process requirements under state law." (Doc. 2 at 3–4). To state a plausible equal protection claim, a complaint must contain facts suggesting that a prisoner was treated differently from similarly situated inmates based on a suspect classification or a fundamental right, or without a rational basis for the disparate treatment. *See Patel v. U.S. Bureau of Prisons*, 515 F.3d 807, 815–16 (8th Cir. 2008); *Nolan v. Thompson*, 521 F.3d

4

983, 989–90 (8th Cir. 2008). Because Bartlett does not allege that he is a member of a protected class or that his fundamental rights have been violated, he must show that Defendants systematically and "intentionally treated [him] differently from others similarly situated and that there is no rational basis for the difference in treatment." *Nolan*, 521 F.3d at 989–90. "The heart of an equal protection claim is that similarly situated classes of inmates are treated differently, and that this difference in treatment bears no rational relation to any legitimate penal interest." *Weiler v. Purkett*, 137 F.3d 1047, 1051 (8th Cir. 1998). Equal protection analysis begins with whether the inmate has shown that he has been treated differently from others who are similarly situated. *Rouse v. Benson*, 193 F.3d 936, 942 (8th Cir. 1999).

To the extent Bartlett even intended to plead an equal protection claim, he does not explain whether or how he has been treated differently than others who are similarly situated. And without more, Bartlett fails to state an equal protection claim. Any such claim should be dismissed without prejudice for failure to state a claim for relief.

### C.     Official Capacity

Bartlett also sues all Defendants in their official capacities. (Doc. 46 at 2). To plead a claim against Defendants in their official capacities, Bartlett must allege facts showing that the purported constitutional violations were the result of an official ADC policy, an unofficial custom, or a failure to train. *Atkinson v. City of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013). Bartlett does not make any such allegations. Moreover, absent a viable underlying constitutional violation, Bartlett cannot maintain an official-capacity

claim. *Whitney v. City of St. Louis, Missouri*, 887 F.3d 857, 861 (8th Cir. 2018). Accordingly, as presented, Bartlett fails to state a plausible official-capacity claim.

## IV.   CONCLUSION

After careful consideration of Bartlett's Complaint, (Doc. 2), the Court finds that Bartlett fails to state a claim upon which relief may be granted.

IT IS THEREFORE RECOMMENDED THAT:

1. Bartlett's Complaint, (Doc. 2), be DISMISSED without prejudice.

2. The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g).

3. The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition and the accompanying judgment would not be taken in good faith.

DATED this 3rd day of November, 2025.

_____
UNITED STATES MAGISTRATE JUDGE